IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

*FILED*
CLERK. U'S. DISTRICT COURT
22 MAR 01 PM 3: 54
DISTRICT OF UTAH
BY: ___
DEPUTY CLERK

| | | |
|---|---|---|
| SEMPRA ENERGY SERVICES f/k/a | § | |
| CES WAY INTERNATIONAL, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:01 C V 0036 J |
| | § | |
| FUSION LIGHTING, INC. | § | JURY TRIAL DEMANDED |

## SEMPRA ENERGY SERVICES' ORIGINAL COMPLAINT

Sempra Energy Services f/k/a CES Way International, Inc. ("Sempra") complains of Fusion

Lighting, Inc. ("Fusion") and alleges as follows:

### PARTIES

1.      Sempra is a corporation which is a citizen of the State of Texas, and is authorized to

do business in Utah.

2.      Fusion is a corporation which is a citizen of the State of Maryland.  Fusion may be

served with process through its President, Leslie S. Levine, at 7524 Standish Place, Rockville,

Maryland 20855.

### JURISDICTION

3.      The jurisdiction of this court is based on 28 U.S.C. §1332 because Sempra and Fusion

are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest

and costs.

### VENUE

4.      Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the

events or omissions giving rise to these claims occurred in the District of Utah.  Specifically,

Sempra's claims arise out of the improper performance and misrepresentations of Fusion on the

project known as the Hill Air Force Base Energy Savings Performance Contract which is located in the District of Utah.

## FACTUAL BACKGROUND

5.      The lawsuit involves disputes over the formation and performance of design, procurement, and construction subcontracts between Sempra and Fusion and the misrepresentations of Fusion as to its abilities to perform under the subcontracts.

6.      In 1994, Sempra entered into a base wide Energy Savings Performance Contract ("ESPC") pursuant to 42 U.S.C. §8287, section 801, 802, 803 and 804 and 10 C.F.R. 436, Subpart B with Hill Air Force Base ("Hill AFB") for the installation of energy conservation measures that included a new lighting system in certain aircraft hangars located at Hill AFB to increase energy efficiency, existing light levels, and the quality of light in certain hangars. The terms of the contract were established to allow Hill AFB to pay Sempra for the cost of the installation of the new lighting system from savings in energy operations and maintenance costs realized from the installation of the new lighting system. Sempra subcontracted portions of the lighting system to various subcontractors, including Fusion. The lighting system included key components from Fusion. Fusion's portion of the lighting system failed in many ways. Sempra was forced to make repairs to Fusion's portion of the lighting system in an attempt to bring the lighting in accordance with the performance specifications. In addition to the repairs which Sempra was forced to make to Fusion's portion of the lighting system, Sempra had to replace Fusion's portion of the lighting system. Sempra had to incur substantial additional expense to provide Hill AFB with a replacement lighting system which was suitable for the hangars according to the performance specifications.

## BREACH OF CONTRACT

7.     On May 19, 1997, Sempra and Fusion entered into a written contract.  A true and correct copy of this contract is attached as Exhibit A to this Complaint and incorporated by reference as if set forth in full.  The first contract provided that Fusion would provide 120 units at $1450 per unit. The first contract price was $174,000. The units are described as SDA, 277 volt non-dimming lamps with switching power supplies, reflectors and cover glass which will be hereinafter referred to as the "light drives".  After approved change orders, the revised contract amount totaled $185,721.82. True and correct copies of the approved change orders are attached as Exhibit B.

8.     On January 6, 1998, Sempra and Fusion entered into a second contract for the provision of 20 additional "light drives" at the unit price of $2,000 per unit.  The second contract price was $40,000.  A true and correct copy of the second contract is attached as Exhibit C to this Complaint and incorporated by reference as if set forth in full.  This contract was placed for purpose of creating an inventory of spare "light drives"that could be installed while failed "light drives" were returned to Fusion for repairs.

9.     Fusion has not performed its obligations under the contracts.   The essence of the subcontracts and performance specifications required Fusion to supply "light drives" to provide the light source for a fully functional lighting system.  Without Fusion's "light drives", the light pipe, the reflectors, the lens covers, and the mounting brackets which complete the fully functional lighting system are rendered useless.  Fusion's failure to deliver fully functional "light drives" and refusal to honor its warranties resulted in the failure of the complete lighting system.

10.     Fusion's failure to deliver fully functional "light drives" constitutes a breach of the parties' agreements.  As a result of Fusion's failure to deliver fully functional "light drives", Sempra had to make numerous repairs to the lighting system in an attempt to meet the performance

specifications. Additionally, as a result of Fusion's failure to deliver fully functional "light drives", Sempra was forced to replace the lighting system. Sempra suffered actual and consequential damages from Fusion's breach including but not limited to equipment expense, cost of materials, labor costs, field office overhead, home office overhead, lost profits, and lost business opportunity. As a result of Fusion's breach of the contract agreements, Sempra has been forced to incur actual and consequential damages totaling at least $911,103.

## BREACH OF EXPRESS AND IMPLIED WARRANTY

11.     Fusion solicited Sempra's business for the installation of a lighting system at Hill AFB and represented that it could provide "light drives" in compliance with the ESPC and the plans and specifications for the Hill AFB Project. Fusion also represented that it could provide "light drives" suitable for their intended purpose, that it could provide "light drives" which were merchantable, and that it could fulfill all of its obligations under its contracts. Fusion made definite affirmations of fact or promises which became part of the basis of the bargain between Sempra and Fusion, and upon which Sempra relied. Fusion subsequently failed to provide "light drives" in compliance with the ESPC, plans, and specifications for the Hill AFB Project. Fusion also failed to provide "light drives" suitable for their intended purpose, failed to provide "light drives" which were merchantable, and failed to fulfill all of its obligations under its contracts. After replacing some of the failed light drives and even though the lighting system still failed to meet the performance specifications, Fusion refused to replace the remaining failed light drives. Accordingly, Fusion breached its express and implied warranties to Sempra.

12.     As a direct and proximate result of Fusion's breach of express and implied warranties described above, Sempra has been damaged in excess of the minimum jurisdictional limits of this Court, for which amount Sempra hereby complains.

## TORT CAUSES OF ACTION

13.     Fusion failed to deliver fully functional "light drives". Fusion's actions constitute

separate and independent torts. Specifically, Fusion has committed the following torts:

### A. Fraud in the Inducement

14.     Fusion intentionally and/or negligently misrepresented the applications and

capabilities of the its "light drives" to Sempra. Fusion intentionally or negligently misrepresented

its ability to perform under its contracts. In fact, Fusion fraudulently procured its subcontracts with

Sempra to supply the "light drives" for the complete lighting system at Hill AFB. Specifically,

Fusion made the following misrepresentations to Sempra in order to induce Sempra to enter into the

subcontract with Fusion.

(A)     Fusion falsely misrepresented that, "Because there are no filaments or other
        metal components, it is projected that the bulb may never need to be
        replaced."

(B)     Fusion falsely represented that the "light drives" could "be used with
        reflectors, light pipe, light fiber, and other delivery systems".

(C)     Fusion falsely misrepresented that the "light drives" deliver "sunlight quality
        full-spectrum light with low infrared and extremely low ultraviolet", and that
        the "light drives" are "more efficient than any other full spectrum light
        source."

(D)     Fusion falsely misrepresented that "because of [the light drive's] brilliance,
        fewer lamps are needed---not only does that mean lower energy costs, it
        means lower maintenance and operational costs", and that the "light drives"
        had "a 60,000 hour system life with just two replacement magnetrons."

(E)     Mr. Ury, the Vice President, of Fusion falsely misrepresented that Fusion had
        "run these [light drives] almost 10,000 hours in test cases, and **there's no
        wear and tear**."

(F)     Fusion falsely misrepresented that the "light drives" could be used in aircraft
        hangars like those at Hill AFB. Fusion said:

        In low and high bay applications, [the light drives] are used with both light
        pipes and downlight fixtures to provide even, energy-efficient light

distribution and better visual acuity for expansive production areas, such as aircraft hangars. Light levels and general light distribution are dramatically improved while reducing the number of fixtures needed. Placing the light source in a convenient and easily accessible location significantly reduces maintenance costs in may hard-to-reach locations.

A true and correct copy of Fusion's brochure for the "light drives" is attached as Exhibit D. These false misrepresentations were material. These false misrepresentations were made to fraudulently induce Sempra to enter into its contracts with Fusion for the provision of the "light drives" for installation at Hill AFB. Sempra awarded the contracts to Fusion because Sempra relied on Fusion's misrepresentations about the applications and capabilities of the "light drives". These fraudulent misrepresentations and inducements have proximately caused Sempra to suffer actual and consequential damages. Fusion's actions were intentional or alternatively, made knowingly and/or recklessly and warrant the imposition of punitive damages in this case. Such damages are in excess of the minimum jurisdictional limits of this Court, for which amount Sempra hereby complains.

### B. Negligent Misrepresentation

15.    The misrepresentations listed in paragraph 14 above are incorporated by reference as if set forth in full herein. Fusion negligently misrepresented its ability to supply "light drives" which would support a complete and functional lighting system at Hill AFB. These misrepresentations and/or omissions were: (1) made by Fusion in the course of its business, (2) for reliance by Sempra in its business decisions, (3) without the exercise of reasonable care or competence in obtaining or communicating the information, and (4) were the cause of Sempra suffering pecuniary loss as a result of Sempra's justified reliance on the representations and or omissions. Additionally, Fusion's false misrepresentations were intentional, or in the alternative, made knowingly and/or recklessly and warrant the imposition of punitive damages in this case.

16.    In addition to, or alternative to, the benefit of the bargain damages Sempra seeks from Fusion for its breach of contract, Sempra seeks recovery of its out of pocket damages for Fusion's negligent misrepresentations and/or omissions.   Such damages are in excess of the minimum jurisdictional limits of this Court, for which amount Sempra hereby complains.

## C. Negligence

17.    In the alternative, and without waiving the foregoing, Fusion was negligent in the performance of its duties on the Hill AFB Project.  Fusion had a duty to exercise ordinary care and to act reasonably and prudently in its manufacture, design, installation and/or repair of the "light drives".  Fusion also had a duty to exercise ordinary care and to act reasonably and prudently in its supervision of the manufacture, design, installation, and/or repair of the "light drives".

18.    Fusion breached its duty to Sempra by failing to exercise ordinary care in the manufacture, design, and/or installation of the "light drives".  Fusion also breached its duty to Sempra by failing to adequately supervise the manufacture, design, and/or installation of the "light drives".

19.    As a proximate result of Fusion's negligence, Sempra suffered actual and consequential damages in excess of minimum jurisdictional limits of the Court.  In addition to, or alternative to, the benefit of the bargain damages Sempra seeks from Fusion for its breach of contract, Sempra seeks recovery of its out of pocket damages for Fusion's negligent acts and/or omissions.  Such damages are in excess of the minimum jurisdictional limits of this Court, for which amount Sempra hereby complains.

## CONDITIONS PRECEDENT

20.    All conditions precedent to the bringing of this lawsuit have been performed by Sempra and have occurred.

## JURY DEMAND

21.     Sempra demands a jury trial.

## PRAYER FOR RELIEF

FOR THESE REASONS, Sempra respectfully requests that Fusion be cited to appear and

upon final hearing of this case, that Sempra be awarded the following relief:

a.      Sempra requests that it recover all actual and consequential from
        Fusion as alleged in the foregoing paragraphs;

b.      Sempra requests that it recover all punitive damages from Fusion as
        alleged in the foregoing paragraphs; and

c.      Sempra requests that it recover such other and further relief to which
        it may show itself to be justly entitled.

Respectfully submitted,

BABCOCK, BOSTWICK, SCOTT,
    CRAWLEY & PRICE, P.C.
ROBERT F. BABCOCK
State Bar No.158
Temple View Center
57 West South Temple, 8th Floor
Salt Lake City, Utah 84101
Telephone: (801) 531-7000
Facsimile: (801) 531-7060

OF COUNSEL:
GREENBERG PEDEN P.C.
DAVID D. PEDEN, JR.
Federal ID No. 3720
Texas State Bar No. 15713500
WILLIAM B. WESTCOTT
Texas State Bar No. 24028219
12 Greenway Plaza, 10th Floor
Houston, Texas 77046
Telephone: (713) 627-2720
Facsimile:  (713) 627-7057

ATTORNEYS FOR SEMPRA
ENERGY SERVICES F/K/A
CES WAY INTERNATIONAL, INC.

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.